

7(1)

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

February 20, 1950

Hon. Allan Shivers
Governor
Austin, Texas

Opinion No. V-1007.

Re: The necessity to appoint
new directors for the
Neches River Conservation
District because of H. B.
467, 51st Legislature.

Dear Sir:

Your request for an opinion reads in part as follows:

"By the Acts of the 44th Legislature of 1935, Page 237, Chapter 361, the Sabine-Neches Conservation District was created embracing certain counties within the watershed of the Sabine and Neches Rivers and their tributaries, providing for thirty-two directors of such District and the authority invested in them as such, and enumerating the functions and duties of this District. By the Acts of the 49th Legislature in 1945, the management and control of the Sabine-Neches Conservation District was vested in a Board of Directors of nine members. By the Acts of the 51st Legislature there was detached from the Sabine-Neches Conservation District all of the territory contained within the watershed of the Sabine River and its tributaries, establishing the Sabine River Authority. This is known as House Bill No. 467, Chapter 110. Section 2 of such bill excepted from the area covered by the Neches River Conservation District all the area presently covered by the Lower Neches Valley Authority. Section 29 of such bill provides that the territory embraced in the Sabine River Authority is detached from the Sabine-Neches Conservation District and changes the name of the Sabine-Neches Conservation District to the Neches River Conservation District, and provides for the Board of Water Engineers to designate by metes and bounds the territory embraced within the Sabine River Authority and the Neches River Conservation Dis-

trict on application by the Board of Directors of either of said Districts.

"For my guidance in making appointments to the Board of the Neches Conservation District, I would like your opinion as to whether the directors of the old Sabine-Neches Conservation District are now and will continue to be those directors of the Neches River Conservation District until their terms expire or they relinquish their assignment in some other manner."

The original Act creating the Sabine-Neches River Conservation and Reclamation District is Senate Bill 361, Acts 44th Leg., R.S. 1935, ch. 97, p. 237. Section 4 of said act provides in part as follows:

"The management and control of all the affairs of such district shall be vested in the Board of Directors, consisting of thirty-two members, one member being chosen from each county, or portion of county, lying within the 'Sabine-Neches Conservation District', as created by this Act, all of whom shall be freehold property tax payers and legal voters of such district. . . ."

House Bill 579, Acts 46th Leg., R.S. 1939, ch. 8, p. 1080, Special Laws, amended the above section changing the number of directors to twenty-nine and retained the provision requiring them to be "legal voters of such district."

This section was again amended by House Bill 734, Acts 49th Leg., R.S. 1945, ch. 287, p. 456, and now reads in part as follows:

"The management and control of all the affairs of such district shall be vested in the Board of Directors, consisting of nine (9) members, all of whom shall be freehold property taxpayers and legal voters of the State of Texas."

House Bill 467, Acts 51st Leg., R.S. 1949, ch. 110, p. 193, which created the Sabine River Authority and changed the name of the Sabine-Neches Conservation

District to that of Neches River Conservation District provides in part as follows:

"Section 1. That there shall be, and there is hereby created a conservation and reclamation district by the name of 'Sabine River Authority' which district is created as a governmental agency of the State of Texas, a body politic and corporate, vested with all of the authority as such under the Constitution and laws of the State; . . .

"Sec. 2. The area of the district is hereby established to comprise all of that part of the territory lying within the watershed of the Sabine River and its tributary streams which is situated within the State of Texas as the same is made certain by the State contour maps now on file in the office of the State Board of Water Engineers . . . provided further that there is excepted from the area covered by the Neches River Conservation District, all the area presently covered by the Lower Neches Valley Authority. It is the intent of the Legislature to preserve the present area and authority of the Lower Neches Valley Authority.

"Sec. 29. The territory hereinabove established as Sabine River Authority is hereby detached from the Sabine-Neches Conservation District which was established by Chapter 361, Acts of the Forty-fourth Legislature, as amended. The name of said Sabine-Neches Conservation District is hereby changed to 'Neches River Conservation District.' Hereafter the territory which shall be embraced within the boundaries of said Neches River Conservation District shall be all of that territory which is situated within the watershed of the Neches River and its tributaries as the same is made certain by the State contour maps now on file in the office of the Board of Water Engineers of the State of Texas to which maps reference is hereby made thereof. Upon the request of the Board of Directors of the Neches River Conservation District the Board of Water Engineers shall define such boundaries so that the same may

be expressed in written calls of the metes
and bounds of said watershed; provided, how-
ever, that the definition of such boundaries
shall not be a condition precedent to the
exercise of any power conferred by the Act
creating said Neches River Conservation Dis-
trict."

The express language of Section 29, above,
changes the name "Sabine-Neches Conservation District"
to "Neches River Conservation District"; this creates
no new entity, but simply gives an existing entity a
new name. The eligibility requirements for directors
thus remain those above quoted from House Bill 734,
49th Legislature, and the directors will continue in of-
fice unless there is some defect inherent in this stat-
ute which fixes qualifications for directorship.

Section 14 of Article XVI of the Constitution
of Texas provides:

"All civil officers shall reside within
the State; and all district or county offi-
cers within their districts or counties, and
shall keep their offices at such places as
may be required by law; and failure to comply
with this condition shall vacate the office
so held."

In Kaufman County Levee Imp. District v. Na-
tional Life Ins. Co., 171 S.W.2d 188 (Tex. Civ. App. 1943,
error ref.), a case wherein it was contended that the
supervisors of the district were disqualified to act be-
cause they were non-residents of such district, it is
stated:

"Although we have no precedent from the
courts, yet in quite a number of Acts, creat-
ing improvement districts under Sec. 59 of Art.
16, the Legislature proceeded in utter disre-
gard of Sec. 14 of Art. 16, in prescribing the
place of residence of members of the governing
bodies of such districts; in other words, the
Legislature has consistently acted as though
Sec. 14 of Art. 16 had no application to the
subject. In creating the Brazos River Conser-
vation and Reclamation District in 1929, the
41st Legislature, Loc. and Sp. Laws, 2d Called

Sess., c. 13, provided for a board of 21 di-
rectors, but made no provision as to the res-
idence of the directors; . . . but in creat-
ing the Guadalupe-Blanco River Authority in
1933, the 43rd Legislature, 1st Called Sess.
c. 75, provided for a board of nine directors,
prescribing simply that they should be resi-
dent, freehold property taxpayers in the
State of Texas. With reference to the Gulf
Water Supply District, created by the 44th
Legislature in 1935, c. 361, no provision with
reference to the residence of the members of
the board was made, other than that they
should be freehold property taxpayers in the
State of Texas. The 44th Legislature, 1st
Called Sess. c. 414, provided that the Leon
River Flood Control District, created in
1935 (composed of Eastland and Callahan Coun-
ties), should have a board of nine members,
but provided that only five members should
reside within the district. The 43rd Legis-
lature, 4th Called Sess. c. 7, provided that
the Lower Colorado River Authority, composed
of ten counties, should have a board of nine
members, but contained no provision requiring
them to reside within the District. . . .Thus
it seems that the Legislature, in prescribing
the residences of members of the governing
bodies of these improvement districts, acted
without reference to the provisions of Sec. 14
of Art. 16. While not binding upon the courts,
the consistent unchallenged legislative and de-
partmental construction of the Constitution,
extending over a period of years, should be
followed by the courts, unless manifestly
wrong. American Indemnity Co. v. City of Aus-
tin, 112 Tex 239, 248, 246 S.W. 1019; Mumme v.
Marrs, 120 Tex. 383, 40 S.W.2d 31, and author-
ities cited; Cox v. Robison, 105 Tex. 426, 439,
150 S.W. 1149."

    The Conservation District was created under the
provisions of Section 59 of Article XVI of the Constitu-
tion of Texas, and therefore it is our opinion, in view
of the above authority, that Section 14 of Article XVI of
the Constitution of Texas has no application to the place
of residence of members of the Board of Directors.

In view of the foregoing authority, and since there is no requirement in the statute that the Directors of the Neches River Conservation District be residents of such district, it is our opinion that the Board of Directors of the old Sabine-Neches Conservation District are now and shall continue to be the Directors of Neches River Conservation District until their present terms expire.

## SUMMARY

H. B. 467, Acts 51st Leg., R.S. 1949, Ch. 110, p. 193, redefining the boundaries and changing the name of the "Sabine-Neches Conservation District" to "Neches River Conservation District" did not have the effect of creating a new district. There being no requirement in the statute with reference to the residence of the members of the Board of Directors within the district, the present members of the Board of Directors of the Sabine-Neches Conservation District will continue to serve as the members of the Board of Directors of the Neches River Conservation District until their present terms expire. Kaufman County Levee Imp. Dist. v. National Life Ins. Co., 171 S.W.2d 188 (Tex. Civ. App. 1943, error ref.).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By Bruce Allen

Charles D. Mathews
Executive Assistant

Bruce Allen
Assistant

BA:mw:bh